# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DENISE B. ALVERSON,** *et al.*, individually on behalf of themselves and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **COMMUNITY HEALTH SYSTEMS, INC.,** *et al.*, <br><br> Defendants. | 2:14-cv-01620-KOB <br><br> Judge Karon O. Bowdre |

## BRIEF IN SUPPORT OF COMMUNITY HEALTH SYSTEMS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(e), Community Health Systems, Inc. ("CHSI") moves this Court to dismiss all claims against it for lack of personal jurisdiction or, in the alternative, for a more definite statement.

### I.   INTRODUCTION

This Court lacks personal jurisdiction over CHSI. CHSI is a Delaware holding company with no employees, offices or agents in Alabama. Apparently recognizing that this Court lacks personal jurisdiction over CHSI under the traditional minimum contacts analysis, Plaintiffs have attempted to manufacture a basis for personal jurisdiction over CHSI by alleging frivolous claims under RICO,

which contains a nationwide service of process provision. As a matter of law, however, an inscrutable RICO claim does not provide a basis for a plaintiff to utilize RICO's nationwide service of process provision. Accordingly, CHSI requests that the Court dismiss the claims against CHSI for lack of personal jurisdiction.

In the alternative, Plaintiffs' Second Amended Complaint is classic "shotgun pleading." It is jumbled, internally inconsistent and fails to provide CHSI with sufficient notice to respond. As such, CHSI requests the Court to strike Plaintiffs' Second Amended Complaint and require Plaintiffs to file a complaint that complies with the rules.

## II.    STATEMENT OF FACTS

Plaintiffs apparently seek to hold CHSI liable for a number of causes of action based on alleged data thefts involving information collected by certain hospitals in Alabama in connection with medical services provided to certain individuals, as well as information collected by other hospitals across the country in connection with medical services provided to certain individuals. (*See* Second Amended Complaint ("Compl.")).

CHSI does not operate or do business as Gadsden Regional Medical Center, LLC d/b/a Gadsden Regional Medical Center, Riverview Regional Medical Center, LLC d/b/a Riverview Regional Medical Center, Foley Hospital Corporation d/b/a

South Baldwin Regional Medical Center, Anniston HMA, LLC d/b/a Stringfellow Memorial Hospital, Affinity Hospital, LLC d/b/a Trinity Medical Center (the "Hospitals") or Gadsden Regional Physician Group Practice, LLC ("GRPGP"). (Declaration of Ben Fordham ("Fordham Decl.") ¶¶ 3-8, attached as Exhibit A). Instead, separate entities own, operate, and do business as GRPGP and each respective Defendant Hospital. (*Id.*).

CHSI is a holding company that does not directly own GRPGP or the companies doing business as the Hospitals. (*Id.*, ¶¶ 2-8). There are two entities in the ownership chain between CHSI and Foley Hospital Corporation; four entities in the ownership chain between both CHSI and Gadsden Regional Medical Center, LLC and CHSI and GRPGP; and five entities in the ownership chains between CHSI and Riverview Regional Medical Center, LLC, CHSI and Anniston HMA, LLC, and CHSI and Affinity Hospital, LLC. (*Id.*, ¶¶ 3-8). CHSI, likewise, does not directly own CHSPSC. Instead, there is one separate entity in the ownership chain between CHSI and CHSPSC. (*Id.*, ¶ 9).

CHSI does not transact business in Alabama, is not registered to do business in Alabama, has not appointed an agent for service of process in Alabama, has no office or place of business in Alabama, and has no real property, clients or employees in Alabama. (*Id.*, ¶ 18).

CHSI does not control the day-to-day operations of the Hospitals, GRPGP, or CHSPSC. (*Id*., ¶¶ 10-12). Specifically, CHSI does not control diagnosis and treatment of patients at the Hospitals or GRPGP, (*Id*., ¶ 17); the hiring, training or supervision of employees at the Hospitals or GRPGP, (*Id*., ¶¶ 20-21); the credentialing of physicians with privileges at the Hospitals or GRPGP, (*Id*., ¶ 20); the adoption of policies, procedures or guidelines, (*Id*., ¶¶ 10-11, 16, 17); or any other matters related to running the Hospitals or GRPGP. (*Id*., ¶ 10). The Hospitals and GRPGP alone exercise these duties. (*Id*.). CHSI has not designated any of the Hospitals or GRPGP as its agent. (*Id*., ¶ 14). CHSI maintains separate accounting records from the accounting records of the Hospitals or GRPGP. (*Id.*, ¶ 13). The Hospitals, GRPGP, and CHSPSC maintain their own banking relationships. (*Id.*). CHSI does not control or otherwise participate in any way in data operations at the Hospitals, GRPGP, or CHSPSC. (*Id.*, ¶ 12). CHSI does not control or otherwise participate in any way in collecting or maintaining possession, custody, or control of personal information of patients who receive medical care at the Hospitals or GRPGP. (*Id.*). CHSI never possessed any personal information of any patients referenced in the Complaint and never participated in any way in any transmission of any personal information of any patients referenced in the Complaint. (*Id.*). Likewise, CHSI did not enter into an agreement or contract with any of the individuals referenced in the Complaint for the provision of medical services or the

protection or security of their personal information. (*Id.*, ¶ 17). Nor did CHSI receive any money from Plaintiffs identified in the Complaint. (*Id.*).

### III.   ARGUMENT AND AUTHORITIES

#### A.   This Court Lacks Personal Jurisdiction Over CHSI.

When a jurisdictional motion to dismiss depends, as in this case, on the assertion of a right created by a federal statute, the court should dismiss for lack of jurisdiction "if the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise devoid of merit as not to involve a federal controversy.'" *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 941 (11th Cir. 1997) (quoting *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1055 (2d Cir. 1993)).

Though unclear from their complaint, Plaintiffs apparently allege, incomprehensibly, that CHSI and certain remote subsidiaries engaged in a vast criminal racketeering conspiracy in order to get attacked by criminal hackers in China. As explained in CHSPSC's and the Hospital Defendants' motions for more definite statement, plaintiffs have failed to plead adequately even the most basic elements of these claims. (CHSPSC Br. in Supp. 9-11; Hosp. Defs.' Mot. ¶¶ 6-12).

Such an illogical and frivolous claim does not entitle Plaintiffs to rely on RICO's nationwide service of process provision.[1]

Without a right to use the nationwide service of process provision under RICO, the traditional minimum contacts jurisdictional analysis applies to whether this Court has jurisdiction over CHSI. *See Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998); *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1218 (11th Cir. 2009). In determining whether to exercise personal jurisdiction over a non-resident defendant, Alabama courts apply the familiar constitutional standards developed by the United States Supreme Court of showing either general or specific jurisdiction. *J.C. Duke & Assocs. Gen. Contrs., Inc. v. West*, 991 So. 2d 194, 198 (Ala. 2008). Plaintiffs cannot meet their burden under either of these

---

[1] CHSI's counsel was only able to find one data theft case in which a plaintiff had premised a racketeering conspiracy theory on the basis of a company's being criminally hacked. The court in that case denied a motion for leave to amend and noted that the court

> has serious doubts about the merits of these [RICO] claims and whether such claims can survive even a motion to dismiss. "RICO does not cover all instances of wrongdoing. Rather, it is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity." *Crest Constr. II, Inc. v. Doe,* 660 F.3d 346, 353 (8th Cir.2011) (quotation omitted). These individual Plaintiffs' proposed Amended Complaint, at least in this Court's preliminary review, simply does not allege the type of activity that civil RICO prohibits.

*See* Order denying Plaintiffs' Expedited Motion for Leave to File Consolidated Amended Complaint, *in re: Target Corporation Customer Data Security Breach Litigation*, MDL No. 14-2522 (PAM/JJK) (D. Minn. July 25, 2014) (copy attached as Exhibit B).

As an aside, if a court initially permits a RICO claim to proceed but later dismisses it, the court cannot continue to exercise personal jurisdiction under the RICO nationwide service of process provision. *See, e.g., Oblio Telecom, Inc. v. Patel*, 711 F. Supp. 2d 668, 676 (N.D. Tex. 2008).

standards, and the Court, therefore, should dismiss CHSI for lack of personal jurisdiction.

### a. This Court cannot exercise general personal jurisdiction over CHSI.

CHSI's indirect ownership interests in the Hospitals do not subject it to general personal jurisdiction. Under Alabama corporate law, a parent-subsidiary relationship does not constitute "continuous and systematic" contacts sufficient to satisfy due process. *See Ex parte Unitrin, Inc.*, 920 So. 2d 557, 561 (Ala. 2005) ("Doing business through a wholly-owned subsidiary does not, in and of itself, constitute doing business by the parent corporation"); *Ex parte British Steel Corp.*, 426 So. 2d 409, 412 (Ala. 1982) ("[I]t is the rule that the parent's use of the subsidiary in the forum does not necessarily subject the parent to the jurisdiction [of the forum]. . . .") (citation and quotation omitted); *Perry v. Household Retail Servs.*, 953 F. Supp. 1378, 1380 (M.D. Ala. 1996) ("It is well established that a parent corporation…is not subject to suit in a state simply because one of its subsidiaries is located within that state."); *Strickland v. Champion Enters., Inc.*, No. 1:06-CV-682-TFM, 2007 WL 1837136, at *4 (M.D. Ala. June 26, 2007) ("The mere fact that one corporation owns all the stock of another corporation does not destroy the separate corporate identities.") (*citing Messick v. Moring*, 514 So.2d 892, 895 (Ala. 1987)); *Thompson v. Taracorp, Inc.*, 684 So. 2d 152, 158 (Ala. Civ.

App. 1996) (affirming trial court's finding that acts of subsidiary corporation in Alabama were insufficient to impose personal jurisdiction over non-resident parent). Only if the parent so controls the subsidiary that the acts of the subsidiary should be attributed to the parent is this relationship relevant for determining personal jurisdiction. *Thompson*, 684 So.2d at 158; *see also Perry v. Household Retail Servs.*, 953 F. Supp. 1378, 1380 (M.D. Ala. 1996) ("Absent some additional theory like alter ego, a parent corporation is not automatically subject to personal jurisdiction.").

In fact, the Alabama Supreme Court examined these issues and declined to exercise general jurisdiction over a parent corporation based on the acts of its subsidiary. *Ex parte Unitrin, Inc.*, 920 So. 2d 557 (Ala. 2005). In *Ex parte Unitrin*, the plaintiff sued Unitrin (the parent), United (its subsidiary), and Winchell Jenkins (an employee of United). *Id*. at 559. The plaintiff alleged that the subsidiary did business in Alabama but did not make a similar allegation about Unitrin. *Id*. Unitrin filed a motion to dismiss based on lack of personal jurisdiction. *Id*. Unitrin's vice president filed an affidavit stating that: Unitrin was a Delaware corporation headquartered in Illinois; Unitrin was not qualified to do business in Alabama and did not do business in Alabama; Unitrin was a holding company whose only active business was holding stock in subsidiaries; Unitrin did not own real property in Alabama; Unitrin did not maintain an office in Alabama and did

8

not have any employees in Alabama; United (the subsidiary) was a corporation separate from Unitrin with its own assets, directors, officers, and employees. *Id*. at 559-60. In reversing the trial court's denial of Unitrin's motion to dismiss, the Supreme Court held that "[d]oing business through a wholly owned subsidiary does not, in and of itself, constitute doing business by the parent corporation." *Id*. at 561.

Likewise, in *City of Irondale v. Community Health Systems, Inc., et al.*,[2] a decision from the Circuit Court of Jefferson County, Alabama, Judge G. William Noble granted CHSI's motion to dismiss for lack of personal jurisdiction and cited *Ex parte Unitrin* in holding that "doing business through a wholly owned subsidiary does not, in and of itself, constitute doing business by the parent corporation." Judge Noble later held that the plaintiff failed to meet its burden of proof in the face of CHSI's *prima facie* showing of a lack of personal jurisdiction in the form of an affidavit by Ben C. Fordham – an affidavit similar to the declaration attached hereto.

Further, in several recent medical malpractice cases involving claims against CHSI based on its remote ownership interest in New Mexico hospitals, New Mexico courts have granted CHSI's motion to dismiss for lack of personal jurisdiction.

---

[2] A copy of the *City of Irondale* decision is attached as Exhibit C.

For example, in *Weisler*,³ Judge Martha Vazquez held that

> [t]he evidence cited by Plaintiff fails to meet his prima facie burden of establishing that Defendant CHSI purposefully established minimum contacts in the forum state or that Plaintiff's injuries arose out of those contacts. *See Burger King*, 471 U.S. at 474 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Rather, the uncontroverted evidence shows that Defendants did not make any clinical decisions with respect to Plaintiff's treatment, did not require the Hospital to adopt or maintain policies, did not make any representations to Plaintiff, did not pay, supervise, train, or credential any of the doctors or nurses that treated Plaintiff, did not control the number of doctors and nurses on staff or the manner in which those individuals' work was to be performed, and did not furnish the equipment involved in treating Plaintiff.
> ...
> The evidence does not support any basis for finding that Defendants were essentially "at home" in New Mexico. The uncontroverted evidence establishes that Defendant CHSI is a Delaware corporation with its principal place of business [] in Tennessee, and that Defendant CHIC [a subsidiary of CHSI that likewise has an indirect ownership interest in a New Mexico hospital] is a Delaware limited liability company. Furthermore, neither Defendant transacts business in New Mexico, is registered to do business in New Mexico, has appointed an agent for service of process or otherwise in New Mexico, has an office or place of business in New Mexico, has real property, clients, or employees in New Mexico, or advertises, markets, or offers services for sale in New Mexico.

Further, in *Ellsworth, et al. v. Lea Regional Hospital, L.L.C., et al.*, No. 12-CV-59 (D. N.M. June 7, 2012),⁴ Judge William P. Johnson held that the plaintiffs had not "controvert[ed] Defendant CHSI's original contention: that it is a holding company with no employees, no operational control over hospitals, and no contacts

---

³ A copy of the *Weisler* decision is attached as Exhibit D.
⁴ A copy of the *Ellsworth* decision is attached as Exhibit E.

with New Mexico." Likewise, in *Cummings v. Leatherwood, et al.*, No. CIV-12-0081 (D. N.M. Sept. 5, 2012),[5] Judge Robert C. Brack dismissed CHSI for lack of personal jurisdiction because "[t]he record before the Court demonstrates that CHSI has no presence in New Mexico. CHSI neither operates the Hospital, nor makes clinical decisions regarding patients . . . CHSI is a nonresident holding company with no minimum contacts with New Mexico." Numerous other courts around the country have reviewed CHSI's parent/subsidiary relationship with its affiliated hospitals and likewise dismissed cases against CHSI for lack of personal jurisdiction.[6]

The jurisdictional question at issue in those cases is essentially identical to the one at issue in this case. As each of those courts recognized, CHSI has carefully maintained its corporate separateness from the Hospitals. CHSI's only relationship with the Hospitals is as a remote parent company. (*See* Fordham Decl., ¶¶ 2-8). CHSI has no offices, employees or agents in Alabama. (*Id.*, ¶ 18). In fact, CHSI does not advertise, market or offer services for sale in Alabama. (*Id.*). CHSI, likewise, does not operate CHSPSC and does not control the day-to-day operations of CHSPSC. (*Id.*, ¶ 12). To assert personal jurisdiction over CHSI simply because

---

[5] A copy of the *Cummings* decision is attached as Exhibit F.
[6] Decisions from Arizona, California, Louisiana, Oklahoma, Pennsylvania, South Carolina, Texas, and Washington are attached as Collective Exhibit G.

it has an indirect ownership interest in the Hospitals and CHSPSC would offend even the outer limits of due process.

CHSI does not otherwise have continuous and systematic contacts with Alabama and is not subject to general personal jurisdiction in Alabama.

### b. This Court cannot exercise specific jurisdiction over CHSI.

To support the exercise of specific jurisdiction over CHSI, Plaintiffs must show that (1) CHSI had the requisite minimum contacts with Alabama, (2) that the cause of action arises out of those minimum contacts, and (3) that the exercise of jurisdiction would be reasonable and fair. *See J.C. Duke & Assocs.*, 991 So. 2d at 197-98 (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)). As set forth below, Plaintiffs cannot satisfy any of these elements, much less all three as would be required for this Court to exercise specific personal jurisdiction.

### i. CHSI does not have minimum contacts with Alabama that give rise to this lawsuit.

First and foremost, CHSI has no minimum contacts with Alabama, much less contacts giving rise to Plaintiffs' claims. "A court has specific jurisdiction when a defendant has had few contacts with the forum state, but those contacts gave rise to the lawsuit." *Leventhal v. Harrelson*, 723 So. 2d 566, 569 (Ala. 1998). The minimum-contacts analysis focuses on the defendant's contacts with the forum

state and whether the defendant "has purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Vista Land & Equip., L.L.C. v. Computer Programs & Sys.*, 953 So. 2d 1170, 1175 (Ala. 2006) (internal citation and quotation omitted). The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts. *Ex parte Ga. Farm Bureau Mut. Auto. Ins. Co.*, 889 So. 2d 545, 551 (Ala. 2004).

Plaintiffs here cannot demonstrate that CHSI has sufficient contacts with Alabama to support the exercise of specific jurisdiction because CHSI does not transact business in Alabama and has not otherwise "directed [its] activities to residents of Alabama." CHSI is not even qualified to do business in Alabama. (Fordham Decl., ¶ 18).  It has no office or place of business in Alabama, and has no employees in Alabama. (*Id*.). CHSI does not control the day-to-day affairs of the Hospitals or GRPGP. (*Id*., ¶¶ 3-8). Accordingly, CHSI has not purposefully availed itself of the privilege of conducting activities in this state and could not reasonably anticipate being haled to this forum.  Plaintiffs cannot satisfy the first prong of the specific jurisdiction analysis and CHSI is due to be dismissed.

     ii. **There is no relationship among CHSI, Alabama and Plaintiffs' claims.**

Plaintiffs also cannot satisfy the second element, which focuses on "the relationship among the defendant, the forum, and the litigation."  *Wenger Tree*

13

*Serv. v. Royal Truck & Equip., Inc.*, 853 So. 2d 888, 895 (Ala. 2002). Plaintiffs' claims do not relate to any local activities on the part of CHSI, as CHSI has not engaged in any local activities. CHSI's role as a remote corporate shareholder certainly has nothing to do with Plaintiffs' causes of action.

CHSI is an indirect shareholder of the Hospitals, GRPGP, and CHSPSC. (Fordham Decl., ¶¶ 3-9). It does not operate the Hospitals, GRPGP, or CHSPSC or otherwise control the Hospitals', GRPGP's, or CHSPSC's day-to-day operations. (*Id.*, ¶¶ 10-11). CHSI does not control or otherwise participate in any way in data operations at the Hospitals, GRPGP, or CHSPSC. (*Id.*, ¶ 12). CHSI does not control or otherwise participate in any way in collecting or maintaining possession, custody, or control of personal information of patients who receive medical care at the Hospitals. CHSI never possessed any personal information of any patients referenced in the Complaint and never participated in any way in any transmission of any personal information of any patients referenced in the Complaint. (*Id.*). CHSI did not enter into an agreement or contract with any of the individuals referenced in the Complaint for the provision of medical services or the protection or security of their personal information. (*Id.*, ¶ 17). Nor did CHSI receive money from any of the plaintiffs in this litigation. (*Id.*). There is no connection between Plaintiffs' causes of action and CHSI's role as an indirect shareholder of the Hospitals, GRPGP, and CHSPSC.

### iii. Asserting jurisdiction over CHSI would be neither reasonable nor fair.

Even if a court determines that the Plaintiffs satisfied the first two elements and that there are minimum contacts so as to permit it to exercise jurisdiction, it must still consider whether doing so is appropriate. *Vista Land & Equip.*, 953 So. 2d at 1175 (Ala. 2006). In this analysis, the court must consider the following factors: the burden on the defendant; the forum State's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies. *Ex parte DBI, Inc.*, 23 So. 3d 635, 650 (Ala. 2009).

This Court and the State of Alabama have no legitimate interest in exercising jurisdiction over CHSI. CHSI does not transact business in Alabama or otherwise engage in any activities forming the basis of this lawsuit. (Fordham Decl., ¶¶ 18-19). Further, the duration of CHSI's activity within Alabama is irrelevant, since its only activity is as a remote parent company. Such activity is insufficient as a matter of law to confer jurisdiction. *See Ex parte Unitrin, Inc.*, 920 So. 2d 557, 561 (Ala. 2005).

As such, for the foregoing reasons, the Court should dismiss CHSI for lack of personal jurisdiction.

### B. In the Alternative, Plaintiffs' Complaint Should Be Stricken and Repled.

CHSPSC and the Hospitals have explained in their filings why Plaintiffs' Second Amended Complaint is so vague and ambiguous that the Defendants cannot reasonably prepare a response. Rather than repeating those well-reasoned points, CHSI incorporates by reference their briefing on this issue as if set forth herein.

In short, this Circuit prohibits shotgun pleadings like Plaintiffs' complaint. Among other things, Plaintiffs' complaint (1) incorporates all prior paragraphs into subsequent claims even if the claims are inconsistent (e.g., breach of contract v. unjust enrichment); and (2) fails to distinguish between the various Defendants as to their purported roles in the numerous claims alleged. As such, the Court should strike Plaintiffs' Second Amended Complaint and require them to file a complaint that complies with the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For these reasons and those set forth in the filings of CHSPSC and the Hospitals, the Court should dismiss the claims against CHSI for lack of personal jurisdiction or, in the alternative, require Plaintiffs to provide a more definite statement of their allegations.

        Respectfully submitted,

        */s/ Wynn M. Shuford*
        Wynn M. Shuford (SHUFW9455)
        Jackson R. Sharman, III (SHARJ6416)
        Jacob M. Tubbs (TUBBJ7822)
        Lightfoot, Franklin & White, L.L.C.
        The Clark Building
        400 20th Street North
        Birmingham, Alabama  35203
        P: 205-581-0700
        *wshuford@lightfootlaw.com*
        *jsharman@lightfootlaw.com*
        *jtubbs@lightfootlaw.com*

## **CERTIFICATE OF SERVICE**

     I hereby certify that I have this date, using the CM/ECF filing system which will send notification of such filing, served a copy of the foregoing document upon all counsel of record on this the 14th day of November, 2014:

Donald W. Stewart
Greg W. Foster
T. Dylan Reeves
STEWART & STEWART, PC
1021 Noble Street, Suite 110
Anniston, Alabama 36201

Paul Gregory Karlsgodt
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202

Theodore Joseph Kobus, III
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111

Jimmy Dale Parrish
BAKER & HOSTETLER LLP
P.O. Box 112 (32802-0112)
200 South Orange Avenue, Ste. 2300
Orlando, FL 32801

Daniel Rubin Warren
David Alan Carney
BAKER & HOSTETLER LLP
3200 PNC Center, 1900 East 9th Street
Cleveland, OH 44114

Richard E. Smith
CHRISTIAN & SMALL LLP
505 20th Street North
Financial Center, Suite 1800
Birmingham, AL  35203

*/s/ Wynn M. Shuford*