FILED
2014 Dec-15  PM 05:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DENISE B. ALVERSON, et al.,** *Individually on behalf of themselves and on behalf of others similarly situated;*        **Plaintiffs,** <br><br> v. <br><br> **COMMUNITY HEALTH SYSTEMS, INC., et al.** <br><br>        **Defendants.** | 2:14-cv-01620-KOB |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT COMMUNITY HEALTH SYSTEMS PROFESSIONAL SERVICES CORPORATION'S MOTION FOR MORE DEFINITE STATEMENT

COME NOW the Plaintiffs and, in Opposition to Community Health Systems Professional Services Corporation's (hereinafter "CHSPSC") Motion for More Definite Statement (Doc. 42.), state as follows:

# **TABLE OF CONTENTS**

I. SUMMARY OF ARGUMENT ........................................................................................ 2

II. STANDARD OF REVIEW ............................................................................................. 3

III. ARGUMENT .................................................................................................................. 4

   A. The Complaint is Sufficient and Not A Shotgun Pleading .............................. 4

   B. Plaintiffs Adequately Plead the Roles of Multiple Defendants ...................... 6

      i. RICO ................................................................................................................ 7

         a. Pleading in the Alternative is Permissible ................................................. 7

         b. The Complaint Satisfies, Both, Rule 8 and Rule 9 Requirements ............. 9

            1. The Complaint Permissibly Pleads Intent Generally .............................. 9

            2. The Complaint Adequately Pleads CHSPSC's Role in the Enterprise 10

            3. A RICO Case Statement Is Not Necessary ........................................... 11

      ii. Computer Fraud and Abuse Act .................................................................. 13

      iii. Fair Credit Reporting Act ........................................................................... 14

      iv. Common Law Claims .................................................................................. 15

IV. CONCLUSION ............................................................................................................ 17

## I. SUMMARY OF ARGUMENT

These class action claims grew out of a complex scheme to defraud that Community Health Systems, Inc. and its hundreds of subsidiaries and affiliates carried out resulting in a data breach which placed over 4.5 million of defendants' patients' sensitive personal identity information in the hands of criminals. CHSPSC's criticisms of the Second Amended Complaint are without merit and do not satisfy its burden under Rule 12(e). Although the complaint is lengthy and complex, the organization of the claims sufficiently provides CHSPSC with "fair notice" of the claims against it. The claims are organized in accordance with the legal basis for relief, and each claim sets forth detailed factual allegations supporting the claim. Although Plaintiffs utilized incorporation by reference and pleading in the alternative, these practices are specifically allowed by the Federal Rules of Civil Procedure.

CHSPSC criticizes standard practices such as adopting and incorporating, pleading in the alternative, or, at appropriate times, referring to all defendants collectively as "Defendants." CHSPSC, therefore, argues that the complaint is a shotgun pleading that requires repleading. However, CHSPSC makes its argument without sufficient analysis as to whether the "very high" Rule 12(e) standard is satisfied.

## II. STANDARD OF REVIEW

"Rule 12(e) sets out a very high standard by which the court is to determine whether to grant a motion for a more definite statement: the complaint must be 'so vague or ambiguous that the party cannot reasonably prepare a response.' Furthermore, a party may not use a Rule 12(e) motion to circumvent the short and plain statement requirement or to obtain information that can otherwise be obtained in discovery." *Harris v. Fisher-Price Inc.*, No. 13-706-KOB, 2013 U.S. Dist. LEXIS 189074, at *2 (N.D. Ala. Oct. 24, 2013) (Bowdre, J.) (internal citation omitted); *see Herman v. Cont'l Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000) ("A motion for a more definite statement under Rule 12(e) is not to be employed as a substitute for pre-trial discovery proceedings."). Federal courts generally disfavor such motions. *See Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993).

The movant "must point out the defects complained of and the details desired.'" *Alabama v. U.S. Army Corps of Eng'rs*, No. 1:90-cv-01331-KOB, 2006 U.S. Dist. LEXIS 97899, 2006 WL 6080869, at *1 (N.D. Ala. Mar. 29, 2006) (Bowdre, J.). However, "Rule 12(e) does not require plaintiffs to provide a plaintiff-by-plaintiff breakdown of specific factual allegations or to provide painstaking detail distinguishing each plaintiff's claims from each other plaintiff's claims." *Harris v. Fisher-Price Inc.,* No. 13-706-KOB, 2013 U.S. Dist. LEXIS

3

189074, at *2 (N.D. Ala. Oct. 24, 2013) (quoting *Abrams v. Ciba Specialty Chems. Corp.*, No. 08-0068-WS-B, 2008 U.S. Dist. LEXIS 68897, 2008 WL 4183344, at *4 (S.D. Ala. Sept. 10, 2008)).

### III. ARGUMENT

#### A. The Complaint is Sufficient and Not A Shotgun Pleading

There mere fact that Plaintiffs utilized incorporation by reference does not systematically render their complaint a shotgun pleading or satisfy CHSPSC's "very high" burden under Rule 12(e). Rather, Plaintiffs' complaint is well-pleaded and puts CHSPSC on fair notice of the claims against it. Even though the complaint contains facts common to all counts (¶¶ 34–77) and facts individual to each plaintiff (¶¶ 78–196), each count contains only one cause of action and each count contains a clear, concise, and plain statement of facts supporting that cause of action. *See* Fed. R. Civ. P. 8, 10. For example, each cause of action is set out in a separate count and identified by name (e.g., "Unjust Enrichment") and then followed by a short and plain statement of the claim showing that Plaintiffs are entitled to relief. Plaintiffs' pleading is certainly sufficient enough for CHSPSC to perform a Rule 12(b)(6) analysis.[1]

---

[1] *See* Doc. 43 at 2 ("CHSPSC intends to demonstrate that plaintiffs' numerous claims fail as a matter of law"), n.2 (arguing that the RICO counts fail to state a claim), 12 ("CHSPSC and its affiliates are not consumer reporting agencies as a matter of law"), 14 ("do plaintiffs really mean to allege that patients treated in one state had a contractual relationship . . . with entities (CHSI and CHSPSC) that are not in the business of providing medical care?").

Before filing this motion, CHSPSC did not adhere to the guidance from this Court's prior decision in which it denied a Motion for More Definite Statement making similar criticisms:

> [Defendants] argue that Plaintiffs' use of "multiple, inconsistent, vague, and over-broad cross references" violate the Federal Rules of Civil Procedure, result in shotgun pleadings, and render the Amended Complaints incomprehensible. The court disagrees. Although the Amended Complaints are lengthy and complex, the organization of the claims sufficiently provides the opposing parties with "fair notice" of the claims against them. Plaintiffs organized their claims in accordance with the legal basis for relief, and set forth detailed factual allegations supporting these claims. Although Plaintiffs utilized incorporation by reference and pleading in the alternative, these practices are specifically allowed by the Federal Rules of Civil Procedure. Accordingly, the court concludes that the Amended Complaints do not constitute "shotgun pleadings" and are sufficiently pled to survive this Motion.

*Alabama v. U.S. Army Corps of Eng'rs*, 2006 U.S. Dist. LEXIS 97899, at *8-9 (N.D. Ala. Mar. 29, 2006) (Bowdre, J.) (internal citations omitted).

Other Eleventh Circuit courts, when faced with pleadings that contain a similar incorporation paragraph, have also applied this common sense approach. For example, in *Healthcare Appraisers, Inc. v. Healthcare FMC Advisors, LLC*, No. 10-80293-CIV-Marra/Johnson, 2011 U.S. Dist. Lexis 113161, at *28, 2011 WL 4591960 (S.D. Fla. Sept. 30, 2011), the defendant made a similar "shotgun pleading" challenge where the complaint stated in each count "Plaintiff re-alleges and incorporates the allegations in the foregoing paragraphs as if fully set forth herein." The court ruled that:

> The Court has reviewed the Complaint and finds its claims sufficiently definite to enable the Defendants to know with what they are charged, and they are reasonably able therefrom to respond whether they did the things charged. Moreover, it is clear Defendants have discerned the basic facts that constitute the claims for relief against them as evidenced by the content of the instant motions. The motion to dismiss due to shotgun pleading is denied.

*Id.* Given that each count lists the exact cause of action, it would be nonsensically hyper technical to interpret Plaintiffs' complaint to assert more than one cause of action by incorporation. In no way do Plaintiffs even signal that Count Nine, for example, asserts RICO or contract causes of action in addition to negligence. The complaint is clear that it asserts only one cause of action per count.

A common sense review of the Second Amended Complaint, rather than the adversarial review applied by CHSPSC, establishes that Plaintiffs' claims for relief are clearly supported by allegations of fact sufficient to put CHSPSC on notice of the claims against it and sufficient to satisfy Plaintiffs' pleading obligations under Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure. Therefore, the complaint is not a shotgun pleading.

### B. Plaintiffs Adequately Plead the Roles of Multiple Defendants

The Complaint is specific and precise whether it is referring to a defendant individually or to all defendants collectively. It does not simply "lump" the defendants together. For example, the complaint, at appropriate times, refers to the defendants collectively as "Defendants" and, also at appropriate times, refers to a

specific defendant individually by name. (*Compare* Doc. 12 ¶¶ 251(h) & (i) *with* Doc. 12 ¶¶ 251(c), (f), (g), (j), (k), & (l).) This reference to "Defendants" in the collective is a common practice and the Eleventh Circuit has noted that "[w]hen multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually." *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997).

This is a common sense and efficient practice that is permissible because "under the liberal pleading requirements of notice pleading, 'no technical forms of pleading . . . are required.'" *Id.* (citing Fed. R. Civ. P. 8(a)). When reading the complaint objectively—not with the gloss of an adversary seeking to file a Rule 12 motion—there is no doubt when Plaintiffs attribute certain actions to the defendants collectively (because they all performed the act or omission at issue) or to a defendant individually.

### i. RICO

#### a. Pleading in the Alternative is Permissible

In each count, Plaintiffs have carefully alleged a group of defendants associating together in some loose group, to conduct the racketeering activities alleged. Courts have not taken exception to the practice of pleading enterprise and person allegations in the alternative. David B. Smith & Terrance G. Reed, *Civil RICO* § 7.02 (Matthew Bender). Plaintiffs pleaded the identity of the persons

(including entities) and enterprise involved in the RICO claims by stating "CHS, CHSPSC, The Hospital Defendants, and The Clinic Defendants or, in the alternative, a various combination thereof." This is a form of pleading in the alternative that is permissible and common in RICO allegations. [2]

This method of pleading is not earth shattering or cutting edge because "[t]he variety of technical RICO pleading obligations, including those apparent from the text of the statute and those imposed by judicial gloss, make pleading in the alternative a frequent occurrence in RICO complaints." *Civil RICO* § 7.02.

For example, in *Beres v. Thomson McKinnon Secur., Inc.*, No. 85 CIV. 6674 (SWK), 1989 U.S. Dist. LEXIS 10385, at *45-46 (S.D.N.Y. Aug. 31, 1989), the Court refused to dismiss pursuant to Rule 9 because "[i]n each count, plaintiffs have carefully alleged a group of defendants associating together in some loose group, to conduct the affairs of a different entity. Plaintiffs have plead in the

---

[2] *See e.g.*, *Petro-Tech, Inc. v. Western Co. of N. Am.*, 824 F.2d 1349, 1358–61 (3d Cir. 1987) (upholding RICO counts because different enterprises alleged for each count, thus avoiding enterprise/person distinction problem for certain counts); *Grunwald v. Bornfreund*, 668 F.2d 128, 133 (E.D.N.Y. 1987) (noting without comment that complaint pleads five alternative enterprises); *Cullen v. Margiotta*, 811 F.2d 698, 703 (2d Cir. 1987), *overruled on other grounds by Agency Holding Corp. v. Malley-Duff Assocs., Inc.*, 438 U.S. 143, 156 (1987); *In re Gas Reclamation, Inc. Sec. Litig.*, 659 F. Supp. 49, 83 (S.D. Ohio 1986); *Jackson v. Segwick Claims Mgmt. Servs., Inc.*, 699 F.3d 466, 480 (6th Cir. 2012); *Global Oil Tools, Inc. v. Barnhill,* No. 12-1507, 2012 U.S. Dist. LEXIS 164888, 2012 WL 5866139 (Nov. 19, 2012); *Roeder v. Alpha Indus., Inc.*, 814 F.2d 22, 29 (1st Cir. 1987) (Plaintiff's "characterization of the entities, phrased in the alternative, could possibly be construed as" satisfying RICO pleading requirements); s*ee also* Pamela Bucy Pierson, *Rico, Corruption, and White-Collar Crime*, 85 Temple L. Rev. 523. 552 (2013) ("As can be seen, four defendants were named while the enterprise was pled in the alternative as various combinations of the defendants. . . . This view makes sense. The identity of any one of the Defendants was separate and distinct from each other and from the alleged enterprise.").

alternative, using different permutations of defendants in each count, obviously in an effort to provide some ground for recovery. Fed. R. Civ. P. 8(e)(2) allows such pleading in the alternative." *Id.* (internal citations omitted).

The applicable rule of pleading provides that "[w]hen two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements." Fed. R. Civ. P. 8(e)(2). CHSPSC has not demonstrated that the complaint, as pleaded in the alternative, is insufficient and its objection goes against the great weight of federal authority that allows the form in which Plaintiffs have pleaded.

> **b.    The Complaint Satisfies, Both, Rule 8 and Rule 9 Requirements**
>
> **1. The Complaint Permissibly Pleads Intent Generally**

CHSPSC urges the Court to apply an erroneous standard under Rule 9 when it argues that Plaintiffs did not "try to meet their burden of alleging with particularity that each one of the defendants acted with fraudulent intent." (Doc. 43 at 10.) *But see* Fed. R. Civ. P. 9(b) ("the circumstances constituting fraud . . . shall be stated with particularity. . . . intent, . . . may be averred generally."). CHSPSC's criticism is without merit because the complaint sufficiently alleges that CHSPSC "<u>knowingly and fraudulently conducted and participated</u> in the conduct, the management, and the operation of the Enterprise's affairs, directly or indirectly,

9

through a pattern of racketeering activity" (Doc. 12 ¶ 247 (emphasis added)) and "CHSPSC['s] . . . previously alleged RICO predicate acts [mail fraud and wire fraud] in furtherance of its scheme to defraud constituted a pattern of racketeering activity . . ." (Doc. 12 ¶ 252). *See Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505 (11th Cir. 1988) (noting that intent may be "averred generally" when pleading "[a] claim of mail fraud as a predicate act of RICO."); *see also Gen. Cigar Co. v. CR Carriers*, 948 F. Supp. 1030, 1040 (M.D. Ala. 1996) (noting that the Eleventh Circuit's approach to fraud in RICO actions "has been described as requiring less-stringent pleading requirements than other circuits"). Not only is CHSPSC's objection misguided, but it is an attempt to evaluate the RICO claims under a Rule 12(b)(6) analysis and is not truly an objection that the complaint is so vague or ambiguous that CHSPSC cannot reasonably prepare a response, which is the only issue properly before the Court at this time.

### 2. The Complaint Adequately Pleads CHSPSC's Role in the Enterprise

Mail fraud and wire fraud are the only aspects of RICO that must be pleaded with particularity and Plaintiffs have done so. *Santana v. Cook Cnt.y Bd. of Review*, 270 F.R.D. 388, 389 (N.D. Ill. 2010) (only the fraud-based allegations of RICO must be pleaded with particularity). The complaint specifically alleges which of the defendants committed which acts of mail fraud or wire fraud. (Doc. 12, ¶¶ 249–251(n).) Yet, CHSPSC objects that Plaintiffs did not plead each entity's role in the

enterprise. (Doc. 43 at 9.) This objection is without merit. Plaintiffs have satisfied the Eleventh Circuit's RICO pleading standard, but CHSPSC did not satisfy its very heavy burden under Rule 12(e).

### 3.  A RICO Case Statement Is Not Necessary

Here Rule 9(b) is satisfied because Plaintiffs have detailed with particularity (to the extent that the information is available to them) the circumstances of the prolonged, complex scheme to defraud that CHS and its hundreds of subsidiaries and affiliates committed against over 4.5 million patients. (*See* Doc. 12, ¶ 251(a)–(n).) Although CHSPSC's request for a RICO case statement is a novel attempt to force Plaintiffs "to provide painstaking detail," its request is not warranted because Plaintiffs have complied with their pleading obligations under the Supreme Court and Eleventh Circuit's application of Rule 9(b) to RICO claims. *Rotella v. Wood*, 528 U.S. 549, 560 (2000) (citing favorably *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 142 F.3d 1041, 1050-51 (7th Cir. 1998)); *Durham*, 847 F.2d at 1512; *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, n.25 (11th Cir. 2002); *Gen. Cigar Co.*, 948 F. Supp. at 1040.

Rule 9(b) is satisfied in this case and there is not a local rule that requires a RICO case statement, which distinguishes this case from *Cruz v. Cinram Intern., Inc.*, 574 F. Supp. 2d 1227 (N.D. Ala. 2008). Judge Coogler's Order in *Cruz* relies upon *Farley v. Saxon Mortg. Co.*, CV-06-CO-01864-W, 2007 U.S. Dist. LEXIS

97669 (N.D. Ala. March 9, 2007), which relied upon a now-repealed local rule from the Southern District of Florida that required a case statement in all RICO cases. *See* S.D. Fla. L.R. 12.1 (Repealed Dec. 1, 2011). The Northern District of Alabama has no such local rule.

Further, the *Cruz* and *Farely* cases are distinguishable because the pleadings did not satisfy Rule 9 and, here, CHSPSC does not specifically identify any Rule 9 problems or even cite once to Rule 9. CHSPSC avoided an argument pursuant to Rule 9 because of the Eleventh Circuit's position that "Rule 9(b)'s heightened pleading standard may be applied less stringently, however, when specific 'factual information [about the fraud] is peculiarly within the defendant's knowledge or control.'" *Hill v. Morehouse Med. Assocs.*, No. 02-14429, 2003 U.S. App. LEXIS 27956, at *10, 2003 WL 22019936 (11th Cir. Aug. 15, 2003); *see also Rotella*, 528 U.S. at 560 (acknowledging that the particularity requirements of Rule 9(b) are relaxed where a RICO plaintiff lacks access to all facts necessary to detail claim).

The *Hill* Court noted that "Rule 9(b)'s heightened pleading requirement also may be applied less stringently when the 'fraud allegedly occurred over a period of time.'" *Id.* at n.6 (citing *Fujisawa Pharm. Co. v. Kapoor*, 814 F. Supp. 720, 726 (N.D. Ill. 1993); *see also Lab. Corp. of Am.*, 290 F.3d at n.25 (acknowledging that Rule 9(b)'s heightened pleading requirement may be relaxed "in appropriate circumstances to aid those alleging prolonged multi-act schemes")); *Durham*, 847

F.2d at 1512 ("The application of [Rule 9(b)], however, must not abrogate the concept of notice pleading.").

Lastly, CHSPSC's request for a RICO case statement is also urging the Court to adopt a heightened pleading standard that would unfairly prejudice Plaintiffs. To require in a pleading the details in the case statement requested by CHSPSC is one small step shy of requiring production of actual documentation with the complaint, a level of proof significantly more than any federal pleading rule contemplates.

### ii. Computer Fraud and Abuse Act

Plaintiffs have sufficiently pleaded in the alternative that one of the defendants and/or their employees intentionally or recklessly caused the acts or omissions (which are described in a manner appropriate for notice pleading) that violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(5). *See* Fed. R. Civ. P. 8(e)(2). Particularity is not required since Plaintiffs bring this claim pursuant to 18 U.S.C. § 1030(5) and not the "intent to defraud" provisions of § 1030(4). *Motorola, Inc. v. Lemko Corp.*, 609 F. Supp. 2d 760, 765 (N.D. Ill. 2009).

This count alleges that one of the defendants or their employees knowingly allowed the data breach to happen or exceeded their authorized use of their computer access (Doc. 12 ¶ 285). Therefore, the adequacy of the pleading is only bolstered by CHSPSC's statement that, "it could have been any one of the defendants, or indeed any one of any of their employees" (Doc. 43 at 11) because

CHSPSC has discerned precisely the information it needs to be on fair notice of the claim against it.

Further, the manner in which the data breach occurred is known only to the defendants and no plaintiff would be able to provide more detailed allegations before discovery on the issue. Therefore, this objection is completely without merit.

### iii. Fair Credit Reporting Act

CHSPSC again criticizes Plaintiffs' pleading in the alternative. *But see* Fed. R. Civ. P. 8(e)(2). However, the apparent objection is that "every court to consider the issue has held that entities like CHSPSC or its affiliates are not consumer reporting agencies as a matter of law." (Doc. 43 at 12.) This is not a proper objection for a Motion for More Definite Statement and again demonstrates that CHSPSC can, indeed, determine the claims brought against it consistent with notice pleading.

Whether CHSPSC is a "consumer reporting agency" as defined by the statute is not an appropriate analysis until after discovery. At which time, the Court, or the finder of fact, may apply the law to the facts in this case and determine whether CHSPSC is a consumer reporting agency. *Mitchell v. E-Z Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959) (distinguishing a Rule 12(e) motion for more definite

statement from a Rule 12(b)(6) motion to dismiss for failure to state a claim); *see also* Fed. R. Civ. P. 56.

### iv. Common Law Claims

CHSPSC again makes the repeated objection to the collective use of "Defendants," this time in the breach of contract count. Defendants question, rhetorically for effect rather than merit, whether Plaintiffs "really mean to allege" a contractual relationship with "clinics in other states—or with entities (CHS and CHSPSC) that are not in the business of providing medical care?" (Doc 43. at 14.) Each Hospital Defendant or Clinic Defendant is on notice as to which named plaintiff is claiming it was harmed by which Hospital Defendant or Clinic Defendant. Given that the complaint distinguishes, when necessary, between "Defendants" in the collective and identifying a particular defendant individually, the complaint sufficiently alleges contractual relations and a breach thereof with all defendants. *Crowe v. Coleman*, 113 F.3d at 1539. Whether a defendant provides health care or whether this count states a claim are not issues properly before the Court on a Motion for More Definite Statement.

CHSPSC also objects to the unjust enrichment count's collective use of "Defendants" in the pleading and argues that this approach is problematic because

there are multiple plaintiffs who are residents of multiple states[3] that treated at clinics in different states (Doc. 43 at 13-14.) This criticism ignores that there is a clearly defined hierarchy in each plaintiff's claim that consists of CHS, CHSPSC, and a Hospital Defendant or Clinic Defendant that is interchangeable. The Complaint alleges that each Hospital Defendant or Clinic Defendant acted in a typical and common manner appropriate for class certification. Given that the potential class exceeds 4.5 million patients, it would be a judicial nightmare to plead with any further specificity the various combinations of defendants. This is precisely the reason that the complaint names two Rule 23 classes of defendants for hospitals and clinics. Further, each named Plaintiff pleads the specific hospital

---

[3] In a footnote, CHSPSC correctly states that Plaintiffs have not made a choice of law designation. Plaintiffs take the position that any variations in state substantive law do not preclude class certification. Further, Plaintiffs acknowledge that "Alabama courts employ the traditional rules of *lex loci contractus* for contract claims, and *lex loci delecti* for tort claims." *In re Tri-State Crematory Litig.*, 215 F.R.D. 660, 680 (N.D. Ga. 2003) (citations omitted). The Complaint states where each named plaintiff resides, where each named plaintiff treated, and—to the extent possible without any discovery—where the tort was committed and the harm occurred. Lastly, Plaintiffs acknowledge that the Eleventh Circuit has outlined choice of law analysis as follows:

> The first step in choice of law analysis is to ascertain the nature of the problem involved, i.e. is the specific issue at hand a problem of the law of contracts, torts, property, etc. The second step is to determine what choice of law rule the [forum state] applies to that type of legal issue. The third step is to apply the proper choice of law rule to the instant facts and thereby conclude which state's substantive law applies.

*Acme Circus Operating Co. v. Kuperstock*, 711 F.2d 1538, 1540 (11th Cir. 1983). Plaintiffs do not believe that a choice of law analysis is proper at this time. *Rios v. State Farm Fire & Cas. Co.*, 469 F. Supp. 2d 727, 741 (S.D. Iowa 2007) ("Although there are, or may be, conflicts of law governing Plaintiffs' claims, it is premature for the Court to address that issue presently. Without further discovery, it is difficult to determine which state laws will be implicated in the class action suit.").

or clinic at which they treated. Each Hospital Defendant or Clinic Defendant is on notice as to which named Plaintiff is claiming it was harmed by which specific Hospital Defendant or Clinic Defendant. Because of the easy and obvious interchangeability, this is a necessary efficiency. Any greater detail would disobey Rule 8's mandate that the pleading be "a short and plain statement."

## IV.   CONCLUSION

CHSPSC does not satisfy its "very high" burden under Rule 12(e). Although the Second Amended Complaint is lengthy and complex, the organization of the claims sufficiently provides CHSPSC with "fair notice" of the claims against it. Plaintiffs organized their claims in accordance with the legal basis for relief, and set forth detailed factual allegations supporting these claims. Although Plaintiffs utilized incorporation by reference and pleading in the alternative, these practices are specifically allowed by the Federal Rules of Civil Procedure. CHSPSC's Motion for More Definite Statement is due to be denied.

                      Respectfully submitted,

                      /s/ Donald W. Stewart
                      Donald W. Stewart
                      Attorney for Plaintiffs

OF COUNSEL:
Stewart & Stewart, PC
1021 Noble Street, Suite 110
Anniston, Alabama 36201
Phone: (256) 237-9311
Fax: (256) 237-0713
E-mail: DonaldWStewart5354@yahoo.com

                                      /s/ Greg W. Foster  
                                      Greg W. Foster

                                      /s/ T. Dylan Reeves  
                                      T. Dylan Reeves  
                                      Attorneys for Plaintiffs

OF COUNSEL:  
Stewart & Stewart, PC  
P.O. Box 721  
Bessemer, AL 35021  
Phone: (205) 425-1166  
Fax: (205) 425-5959  
E-mail: Greg@stewartandstewar.net  
        DReeves@stewartandstewart.net

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following, on this 15th day of December, 2014:

Richard E. Smith
Jonathan W. Macklem
Jeremy L. Carlson
J. Paul Zimmerman
CHRISTIAN & SMALL LLP
*Counsel for the Hospital Defendant Class & the Clinic Defendant Class*

Daniel R. Warren
David A. Carney
Theodore J. Kobus, III
Jimmy D. Parrish
Paul G. Karlsgodt
BAKER & HOSTETLER LLP
*Counsel for Defendant Community Health Systems Professional Service Corporation*

Wynn M. Shuford
Jackson R. Sharman, III
Jacob M. Tubbs
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
*Counsel for Defendant Community Health Systems, Inc.*

/s/ T. Dylan Reeves
Of Counsel