FILED
2015 Feb-10  PM 06:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| DENISE B. ALVERSON, *et al.*, individually on behalf of themselves and on behalf of all others similarly situated, | ) ) ) ) ) | Case No. 14-cv-01620 |
| | ) | Judge Karon O. Bowdre |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **CHSPSC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT** |
| COMMUNITY HEALTH SYSTEMS, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## BACKGROUND

As defendants explained in their Rule 12(e) motions for a more definite statement, plaintiffs' second amended complaint is a prototype of the type of shotgun pleading that the Eleventh Circuit has so often condemned.  (D.E. 40, 42-44, 51-53.)  Rather than give the Court a chance to rule on these fully briefed motions, plaintiffs ask for leave to file a third amended complaint.  In this newest proposed pleading, plaintiffs make no effort to cure the numerous deficiencies that pervade their current complaint.  Instead, their new pleading would only exacerbate these problems by adding fourteen new plaintiffs (bringing the total to 35) hailing from thirteen new states (now totaling 27) and the United Kingdom, as well as adding 87 new paragraphs (now 473 in total).  (Mot. ¶¶ 3-4, Ex. A.)

## LAW AND DISCUSSION

Under Fed. R. Civ. P. 15(a), plaintiffs have the burden of establishing their entitlement to file this third amended complaint.  *See In re Engle Cases*, 767 F.3d 1082, 1119 n.37 (11th Cir. 2014).  "[A] motion for leave to amend may appropriately be denied (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  *Id.* at 1108-09 (quotation omitted); *see also Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (same).

Plaintiffs' motion for leave to amend should be denied here because they have no legitimate reason to amend, it would needlessly cause prejudicial expense and delay, and it is futile.

### A.    Plaintiffs have offered no valid reason for this amendment.

The sole reason plaintiffs offer for filing this motion to amend was to increase the chances that the Judicial Panel on Multidistrict Litigation would grant their motion to consolidate.  (*See* Mot. ¶ 5 ("The addition of these plaintiffs . . . may be a significant factor in the Panel's determination whether to consolidate similar cases into an MDL.").)  It is not clear how plaintiffs thought their motion to add fourteen new plaintiffs to their already-unwieldy pleading would play a role in the Panel's decision.  Indeed, defendants had already advised the Panel that they

supported consolidation before this Court.  In any event, the Panel has since

granted the motion to consolidate, and so this reason no longer applies.[1]  (D.E. 55.)

### B.    Plaintiffs' proposed complaint would cause unfair prejudice.

CHSPSC and the other defendants expended substantial time and resources

preparing and filing Rule 12(e) motions outlining the numerous problems with

plaintiffs' present second amended complaint.  Plaintiffs' proposed third amended

complaint, which would add fourteen more plaintiffs (all of whom are already part

of the proposed nationwide classes anyway), only compounds these problems.

The only things that would be accomplished by this pleading are additional

expense and delay.  Instead of requiring defendants to respond to yet another

complaint with a new round of motions for a more definite statement under Rule

12(e), plaintiffs should wait for the Court's ruling on whether their current

complaint passes muster.  *See Westfall v. Kendle Int'l, CPU, LLC*, 2007 WL

486606, at *4 (N.D. W. Va. Feb. 15, 2007) (denying proposed addition of three

plaintiffs because it "would cause prejudice in that the defendants would have to

rebrief their opposition to class certification").

---

[1] In the event that this Court requires the plaintiffs in the various consolidated cases to file a consolidated complaint, plaintiffs' motion for leave to amend would become moot.

**C.      Plaintiffs' motion for leave is futile.**

Finally, plaintiffs' motion should also be denied because their proposed amendment is futile.  The problem with plaintiffs' second amended complaint is not that they have too few plaintiffs.  It is a basic failure to set forth a short and plain statement of their claims, or to put the eight defendants on fair notice of the claims against them.  (*See* D.E. 43, Rule 12(e) Mem. in Supp. at pgs. 3-15.)

These problems are only exacerbated by plaintiffs' 134-page, 473-paragraph proposed amended complaint.  In it, 35 plaintiffs are asserting seventeen claims against eight defendants.  (*See* Mot., Ex. A at ¶¶ 1-43, 343, 353, 362, 368, 378, 384, 390, 403, 412, 416, 422, 427, 437, 443, 449, 455, 462.)  Just as with the second amended complaint, none of the claims are pleaded in the alternative.  All allegations are still incorporated by reference into each of the seventeen counts, even though several of these counts—like breach of contract and unjust enrichment—are mutually inconsistent.  And plaintiffs' proposed structure of multiple classes and sub-classes for both plaintiffs and defendants is still incomprehensible and unmanageable.  (Compl. ¶¶ 284-322.)  The amended complaint thus remains a quintessential shotgun pleading under well-established Eleventh Circuit precedent.

Because plaintiffs' proposed third amended complaint does not address these problems, but only compounds them, the proposed amendment is futile.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for leave to amend should be denied.

Dated:  February 10, 2015

Respectfully submitted,

BAKER & HOSTETLER LLP

/s/ Daniel R. Warren

Paul G. Karlsgodt (*admitted pro hac*)
1801 California St., Suite 4400
Denver, CO 80202
Telephone:  (303) 861-0600
Facsimile:  (303) 861-7805
Email:  pkarlsgodt@bakerlaw.com

Daniel R. Warren (*admitted pro hac*)
David A. Carney (*admitted pro hac*)
1900 East Ninth Street, Suite 3200
Cleveland, OH 44114
Telephone:  (216) 620-0200
Facsimile:   (216) 696-0740
Email: dwarren@bakerlaw.com
          dcarney@bakerlaw.com

Theodore J. Kobus, III (*admitted pro hac*)
45 Rockefeller Plaza
New York, NY  10111-0100
Telephone: (212) 589-4200
Facsimile:  (212) 589-4201
Email: tkobus@bakerlaw.com

*Attorneys for Defendant Community Health Systems*
*Professional Services Corporation n/k/a CHSPSC, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the forgoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the

following counsel of record on this 10th day of February, 2015:

Donald W. Stewart
Stewart & Stewart, PC
1021 Noble Street, Ste. 110
Anniston, AL 36201

Greg W. Foster
T. Dylan Reeves
Stewart & Stewart
P.O. Box 721
Bessemer, AL 35021

Richard E. Smith
Jonathan W. Macklem
Jeremy L. Carlson
J. Paul Zimmerman
CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, AL 35203

Wynn Shuford
Elizabeth Huntley
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL  35203

/s/ Daniel R. Warren